Dear Ms. Ezernack:
You have asked this office to advise whether or not the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq., permits or prohibits you from serving as an elected member of the Monroe City Council while at the same time holding state part-time appointive office as a member of the Louisiana Real Estate Commission.
For purposes of a dual officeholding analysis, you holdelective office[1] as a member of the Monroe City Council, and you hold part-time[2] appointive office[3] as a member of the Louisiana Real Estate Commission.[4] Of potential concern here *Page 2 
would be the restriction contained in La.R.S. 42:63(D), which prohibits one from holding at the same time local elective office and full-time appointive office in the government of the state.[5]
However, La.R.S. 42:63(D) does not prohibit one from holding local elective office and part-time appointive office in the government of this state. Thus, it is the opinion of this office that the dual officeholding and dual employment laws do not prohibit you from holding local elective office as a member of the Monroe City Council and at the same time holding your part-time appointive office as a member of the Louisiana Real Estate Commission.
We also point out that the City of Monroe is a home rule charter government. The City's home rule charter provisions concerning dual officeholding and dual employment are controlling in the event of a conflict with state law regulating dual employment. Home rule charter provisions which prohibit one from holding two public offices and/or employments control over state law which would not prohibit one from holding both positions. In the alternative, home rule charter provisions which permit one to hold two particular positions control over state law to the contrary. See
La.R.S. 42:66(D).[6]
An examination of the City's home rule charter provides the following at Article II, Section 2-06(A):
Prohibitions.
A. Except as otherwise provided by this charter, a council member shall hold no other city office, city employment or elected public office, during the term for which elected to the council and no former council member shall hold any compensated appointive city office or city employment until one (1) year after the expiration of the term for which elected to the council. Nothing in this Section shall prohibit a council member from serving as a member of a charter commission, constitutional convention or political party committee.
[Emphasis added.] *Page 3 
Section 2-06(A) does not prohibit a city council member from at the same time holding part-time appointive office as a member of a state board, and absent any other charter provision to the contrary, it is the opinion of this office that the City's charter does not prohibit you from continuing to serve as a member of the Louisiana Real Estate Commission during your term of office as councilwoman.
It is the opinion of this office that neither state law governing dual officeholding nor municipal charter provisions prohibit you from holding at the same time local elective office and part-time appointive office with the Louisiana Real Estate Commission.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(1) defines "elective office" to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[2] La.R.S. 42:62(4) and (5) define full-time and part-time as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[3] La.R.S. 42:62(2) defines "appointive office" to mean "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[4] A member of the Louisiana Real Estate Commission holds appointive office because the position is "specifically established or specifically authorized by the constitution or laws of this state" under La.R.S. 37:1432 and the position is filled by "appointment or election by an elected or appointed public official;" ther appointing office here is the governor.
[5] La.R.S. 42:63(D) provides "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . full-time appointive office in the government of this state or in the government of a political subdivision thereof . . ."
[6] La.R.S. 42:66(D) states:
D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal an/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.